UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE BOUCHARD,<br><br>           Plaintiff,<br>v.<br><br>DHL EXPRESS (USA), INC.,<br><br>           Defendant. | 3:09-cv-1222 (CSH) |

RULING ON MOTION TO DISMISS

HAIGHT, Senior District Judge:

Plaintiff Lorraine Bouchard, a former employee of Defendant DHL Express (USA), Inc. ("DHL Express"), brings this action alleging that Defendant discriminated against her on the basis of gender and age.  In a four count amended complaint, Plaintiff has asserted claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") (Count One), gender discrimination in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* ("CFEPA") (Count Two), age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA") (Count Three), and age discrimination in violation of CFEPA (Count Four).  Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the CFEPA claims, Counts Two and Four, on the basis that they are time-barred.  Defendant does not move to dismiss Counts One and Three, which are founded on Title VII and the ADEA.  For the reasons stated herein, Defendant's Motion to Dismiss Counts Two and Four [Doc. 10] is DENIED.

**I.     BACKGROUND**

On May 13, 2009, the Connecticut Commission on Human Rights and Opportunities ("CHRO") sent Plaintiff a release of jurisdiction via certified mail, which Plaintiff received on May 14, 2009.  (Def.'s Exs. A & B)  On July 29, 2009, Plaintiff mailed her initial Complaint to the Court, which was docketed on July 31, 2009. [Doc. 1]  It named "DHL Global Business Services" as the sole defendant.  *Id*.  Also on July 29, 2009, Plaintiff mailed the Complaint, along with a Notice of Lawsuit and Request to Waive Service of Summons, to CT Corporations Systems, Inc., which Plaintiff believed was the agent for service of process for DHL Global Business Services.  (Pl.'s Ex. A, ¶ 6)  However, on August 25, 2009, Plaintiff received a letter, dated August 21, 2009, from CT Corporations Systems, Inc., stating that DHL Global Business Services was not listed in their records or in the records of the State of Connecticut.  (Pl.'s Ex. A, ¶ 7)

On September 9, 2009, Plaintiff electronically filed an Amended Complaint, naming DHL Express as the Defendant. [Doc. 5]  On September 14, 2009, Plaintiff mailed the Amended Complaint, along with a Notice of Lawsuit and Request to Waive Service of Summons dated September 3, 2009, to DHL Express's agent for service of process, CT Corporations Systems, Inc.  (Def.'s Ex. C)  On October 5, 2009, Plaintiff electronically filed a Waiver of the Service of Summons [Doc. 6] executed by Defendant DHL Express and dated October 2, 2009.  (Def.'s Ex. C)

**II.    STANDARD OF REVIEW**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from

those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009). The Court's function in deciding a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d. Cir. 2003). "This issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "Nor does a complaint suffice if it tenders naked factual assertions devoid of further factual development." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When deciding a motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

### III. DISCUSSION

Defendant moves to dismiss Plaintiff's CFEPA claims as time-barred pursuant to Conn.

Gen. Stat. § 46a-101(e), which requires that "any action brought by the complainant in accordance with Section 46a-100 shall be brought within ninety days of the receipt of the release from the [CHRO]."  The Release of Jurisdiction from the CHRO ("Release") itself clearly sets forth this requirement, stating "The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release."  (Def.'s Ex. A) (emphasis in original).

The first question is whether an action is "brought" when it is filed or when it is served.  Under Federal Rule of Civil Procedure 3, "a civil action is commenced by the filing of a complaint with the court."  However,

> It is well settled that in Connecticut (unless otherwise specified by the legislature), a case is considered "brought" for purposes of a statute of limitations *on the date of service* of the complaint upon the defendant and that, in a federal diversity action, such state rules control and not Fed. R. Civ. P. 3.  Courts have also applied such state rules in the context of state law claims brought under the district court's supplemental jurisdiction.

*Kotec v. Japanese Educ. Inst.*, 321 F. Supp. 2d 428, 431 (D. Conn. 2004) (citations omitted) (emphasis added).  Here, Plaintiff alleges that this Court has both diversity jurisdiction (Am. Compl. ¶ 6) and federal question jurisdiction (Am. Compl. ¶ 5), with supplemental jurisdiction over the state law claims.  (Am. Compl. ¶ 7)  Under either source of jurisdiction, state law applies in determining whether a state law claim was timely brought.  With respect to diversity jurisdiction, the United States Supreme Court has explained the rationale for this rule as follows:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 753, 64 L. Ed. 2d 659, 100 S. Ct. 1978 (1980).  In the instant case, the state law CFEPA claims were "brought" when the complaint was served, not

4

when the complaint was filed.

The second question, then, is how to determine the date of service when Plaintiff employs a Request to Waive Service of Summons, rather than serving the defendant in the ordinary manner. Pursuant to Federal Rule of Civil Procedure 4(d)(4), "When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served *at the time of filing the waiver*." (emphasis added). Thus, when a request to waive service is used, the complaint is served for statute of limitations purposes only when the executed waiver is filed with the court, and not, for example, when the plaintiff mails the request for waiver to defendant. *Becker v. Sherb*, 2008 U.S. Dist. LEXIS 48137 (D. Conn. June 24, 2008) ("Fed. R. Civ. P. 4(d)(4) provides that the effect of filing the waiver is to effect service as of that date.")

In the instant case, Plaintiff received the Release of Jurisdiction from the CHRO on May 14, 2009, and was therefore required to bring her CFEPA claims within ninety days, which was August 12, 2009. Such claims are considered "brought" when service is made, and service is made when plaintiff files defendant's executed waiver with the court, which did not occur until October 5, 2009, nearly two months past the expiration of the limitations period. Therefore, Defendant moves to dismiss Plaintiff's CFEPA claims as untimely.

Plaintiff responds that her initial complaint was filed on July 31, 2009, prior to the expiration of the 90 day limitations period on August 12, 2009, and that her amended complaint, filed on September 9, 2009 naming the correct defendant, is not barred as untimely because it relates back to the timely complaint pursuant to Federal Rule of Civil Procedure 15(c)(1), which provides:

(1) *When an Amendment Relates Back*. An amendment to a pleading relates back

> to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [120 day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff notes that "The misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back." *William H. McGee & Co. v. M/V Ming Plenty*, 164 F.R.D. 601, 606 (S.D.N.Y. 1995). Plaintiff claims that the initial complaint inadvertently named DHL Global Business Services instead of the correct defendant, DHL Express (USA), Inc., because the former name appeared on the letterhead of all correspondence received from Defendant during the proceedings before the CHRO. [Doc. 14 at 6, citing Pl.'s Ex. A, ¶ 12]

Defendant responds that the amended complaint cannot relate back to the timely-filed complaint because the initial complaint was not successfully served on DHL Global Business Services, DHL Express, or on any other entity, and in the absence of service, there is in effect no complaint to relate back to. Plaintiff had attempted to serve the initial complaint by timely mailing a Request to Waive Service of Summons to CT Corporations Systems, Inc., which Plaintiff believed was the agent for service of process for DHL Global Business Services. Although CT Corporations Systems, Inc. was in fact the agent for service of process for DHL Express. (Def.'s Ex. C), there was no entity in its records named DHL Global Business Services,

6

and Plaintiff received a letter from CT Corporations Systems, Inc. on August 25, 2009 informing her of that fact. As a result of the incorrectly named defendant, no waiver of service was ever executed or filed with the Court with respect to the initial complaint, so it cannot be considered to have been served.

In asserting that the relation back doctrine applies only when the initial complaint was timely served as well as timely filed, Defendant relies primarily on *Pack v. Burns*, 212 Conn. 381, 384 (1989), which states:

> The dispositive issue is whether the subsequent addition of the commissioner of transportation introduced a new party to the proceedings or simply corrected a misnomer in describing the party originally summoned to court. We conclude that it was a correction of a defect in description in the original writ, summons and complaint and that this amendment therefore related back to the *timely service* of the original writ, summons and complaint within the two year statute of limitations.

(emphasis added.) While that decision does reference timely service in regard to relation back, the distinction between filing and service of a complaint was not at issue in that case, and therefore it is a stretch to construe the quoted comment as a pronouncement on that distinction, especially in light of the fact that the Connecticut Supreme Court in that case held in favor of permitting the correction of the mis-named party under the relation back doctrine. By contrast, Plaintiff maintains that in Connecticut, an amendment dates back to the original pleading, and that Connecticut's relation back doctrine does not differ materially from Federal Rule 15(c), citing *Sharp v. Mitchell*, 209 Conn. 59, 72 (1988) ("our relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure") (citation and internal quotation marks omitted).

This dispute regarding Connecticut's relation back law is essentially moot, since it is the federal rule set forth in Fed. R. Civ. P. 15(c) that controls as to relation back:

> 'While state law must be applied in a diversity case to determine whether an action is barred by the statute of limitations, *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945), most courts considering the issue have held that the federal rule as to relation back applies even in a diversity case, since the question of relation back of amendments to pleadings is properly a matter of practice and procedure and is specifically dealt with in the Federal Rules of Civil Procedure.' *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F. Supp. 1088, 1093 (N.D.N.Y. 1977) (citations omitted); *see also* 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1503 at 535 (1971). 'In general, if a question is covered by a provision of the Federal Rules of Civil Procedure, the federal rule rather than state law will control.' *Holdridge*, 440 F. Supp. at 1093 n. 2, *citing Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965).

*Contemporary Mission, Inc. v. New York Times Co.*, 665 F. Supp. 248, 255 (S.D.N.Y. 1987).

The necessity of applying the federal rule is only further reinforced if, as Defendant implies, Connecticut imposes a more exacting standard for relation back than does the federal rule. "In deciding whether to apply state or federal relation back law, the Court must determine which law affords a more forgiving principle of relating back" and apply that law. *Williams v. United States*, 2010 U.S. Dist. LEXIS 25102, 29-30 (S.D.N.Y. Feb. 25, 2010) (citation and internal quotation marks omitted).

    The relevant question is whether Federal Rule of Civil Procedure 15(c) permits relation back of an amended complaint when the initial complaint was filed but not served before the expiration of the limitations period. Certainly, by its plain language, Rule 15 seems to contemplate relation back to the date of filing, not of service: "An amendment to a pleading relates back *to the date of the original pleading* when..." Fed. R. Civ. P. 15(c)(1) (emphasis added). A fact pattern analogous to that in this case arose in *Schiavone v. Fortune*, 477 U.S. 21, 25 (1986):

> It is clear ... that the three complaints as originally drawn were filed within

> the limitations period; that service was attempted only after that period had expired; and that the amendment of the complaints, and the service of the complaints as so amended, also necessarily took place after the expiration of the limitations period.

At that time, Rule 15(c) read as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him*, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Schiavone,* 477 U.S. at 24, quoting Fed. R. Civ. P. 15(c) (emphasis added). Relying on the language of 15(c) then in effect, the United States Supreme Court affirmed dismissal on grounds of untimeliness. The Court held that the amended complaint did not relate back to the initial complaint because the initial complaint had not been served on defendant within the statute of limitations, and therefore defendant did not have the requisite notice and knowledge of the action within the period provided by law for commencing the action. *Schiavone,* 477 U.S. at 30-32. In so holding, the Supreme Court confirmed the view expressed in then-current practice books that "in order for an amendment adding a party to relate back under Rule 15(c), the party to be added must have received notice of the action before the statute of limitations has run." *Schiavone,* 477 U.S. at 31, quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1498, p. 250 (Supp. 1986). Although neither party in the instant action mentions *Schiavone*, it reflects precisely the approach that Defendants urge in their motion to dismiss the CFEPA claims, arguing that because defendant DHL Express was not served until October 5, 2009, it did not get

9

notice within the limitations period and the CFEPA claims are therefore untimely.

The *Schiavone* majority noted that the literal reading of Rule 15(c) that it felt compelled to adopt resulted in an outcome that was at odds with "the spirit and inclination of the rules [which] favor[] decisions on the merits," that made pleading "a game of skill in which one misstep may be decisive," and in which "technicalities" trumped merits. *Schiavone*, 477 U.S. at 27.  Accordingly, in 1991, Rule 15 was "revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."  Advisory Committee's Notes on Fed. R. Civ. P. 15, 1991 Amendment.  "Changes in the wording of the rule -- designed to avoid the outcome under *Schiavone* -- now provide a slightly revised standard for amendments.  Under the revised rule, an amended complaint relates back to the time of the original if the new party was aware of the action within 120 days of the filing of the original complaint."  *Aslanidis v. United States Lines*, 7 F.3d 1067, 1076 (2d Cir. 1993).[1]  The Advisory Committee's Notes to the 1991 Amendment to Rule 15(c) further elaborated:

> [Paragraph (c)(3)] has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

---

[1] While the *Aslanidis* court explained the then-recent change in Rule 15 in the manner quoted above, it also stated that "The district court properly applied the version of Rule 15(c) in effect during the relevant time period," 7 F.3d at 1076, and therefore the holding of *Aslanidis* applied the old version of Rule 15, not the modern rule at issue here.

In the instant case, the initial complaint mis-naming the defendant was filed on July 31, 2009, 120 days from which was November 28, 2009.  The correct defendant was served with the amended complaint on October 5, 2009, and therefore had notice of the action no later than that date, which was within the 120 day period for relation back under Rule 15(c), even though it was not within the 90 day statute of limitations period that was triggered by the May 14, 2009 Release of Jurisdiction.

Rule 15(c)(1)(C) provides that an amended pleading relates back to the date of the original pleading when the amendment changes the naming of the party against whom a claim is asserted, and if, within the 120 day period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment both received notice of the action such that it will not be prejudiced in defending on the merits, and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Defendant argues that the naming of DHL Global Business Services instead of DHL Express (USA), Inc. "is not a mere misnomer" because "the Answer that DHL Express filed with the CHRO clearly identifies 'DHL Express (USA), Inc.' as the respondent to plaintiff's charge of discrimination." [Doc. 15 at 4, citing Def.'s Reply Ex. B]  Plaintiff's counsel could have been more attentive and diligent in naming the correct defendant in the first instance, but the Court has no reason to doubt that use of a similar but incorrect name in identifying the defendant was simply an error resulting from confusion regarding Defendant's company name.  Defendant was not prejudiced in maintaining a defense as a result of the minor delay that may have been occasioned by the mistake.  Finally, with respect to the final requirement, DHL Express actually knew, as evidenced by its executed waiver of service of summons, within the 120 day window

that an action had been brought against it and would have been brought earlier but for the mistake concerning the proper party's identity.

Plaintiff has satisfied the requirements for relation back under Rule 15(c) and the CFEPA claims shall not be dismissed as untimely.

## IV.   CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Counts Two and Four [Doc. 10] is DENIED.

SO ORDERED.

Dated: New Haven, Connecticut, June 2, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Charles S. Haight, Jr.　　　　
　　　　　　　　　　　　　　　　　　　　　　　Charles S. Haight, Jr.
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge