UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORRAINE BOUCHARD,<br><br>    Plaintiff,<br>v.<br><br>DHL EXPRESS (USA), INC.,<br><br>    Defendant. | 3:09-cv-1222 (CSH) |

**RULING ON MOTION TO COMPEL**

HAIGHT, Senior District Judge:

Plaintiff Lorraine Bouchard, a former employee of Defendant DHL Express (USA), Inc. ("DHL"), brings this action alleging that Defendant discriminated against her on the basis of gender and age. In a four count amended complaint, Plaintiff has asserted claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") (Count One), gender discrimination in violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* ("CFEPA") (Count Two), age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA") (Count Three), and age discrimination in violation of CFEPA (Count Four). Plaintiff's Amended Complaint seeks damages for emotional distress with respect to all four claims. [Doc. 5 at ¶¶ 42, 44, 46, 48, and Demand for Relief at ¶ 3.] Defendant moves pursuant to Federal Rules of Civil Procedure 26, 34, and 37 for an order requiring Plaintiff to execute authorizations so that Defendant may obtain information from Plaintiff's health care providers related to Plaintiff's claims of emotional distress. For the reasons stated herein, Defendant's Motion to Compel [Doc. 40] is GRANTED.

Plaintiff placed her mental condition at issue when she sought emotional distress damages with respect to all the claims in this case, and when she stated in her responses to interrogatories that she has suffered "severe emotional distress and anxiety" as a result of losing her job with Defendant. [Doc. 41, Exhibit C, Defendant's Interrogatories and Requests for Production of January 13, 2010, with Plaintiff's February 26, 2010 objections and responses thereto, at 5.] Therefore, Defendant is entitled to discovery related to her emotional distress claims. Plaintiff has stated that she "has no objection to the production of relevant medical records relating to her emotional distress, including all records from Plaintiff's mental health treatment providers during the relevant time period." [Doc. 42 at 2.]

The interrogatory in question, number seven, states as follows: "Identify every physician, social worker, mental health professional, and other counselor, including, but not limited to a psychiatrist, psychologist, and/or religious counselor, with whom you consulted or treated from February 12, 1998 to the present. For each, specify the person's name and business address, the date of consultation, and diagnosis, if any. In addition, for each health care provider, please execute an Authorization (attached) for [Defendant] DHL to obtain copies of your records." [Doc. 41, Ex. C, at 7.] The parties' briefs on the motion to compel discuss four of Plaintiff's health care providers. Plaintiff has already provided some records from her primary care doctor, but Defendant is not satisfied that Plaintiff has produced all the relevant records from that source. With respect to the second provider, Kathy Tkacz, Plaintiff states that she "does not oppose the discovery of relevant records from Kathy Tkacz" [Doc. 42 at 1], yet to date, Plaintiff has failed to provide these records or to execute a release so that Defendant can obtain them directly. With

respect to the third and fourth health care providers, Shannon Stauffer[1] and Peter Black, who were identified by Plaintiff in response to the interrogatory, Plaintiff now claims that they never treated her. [Doc. 42 at 1]  Defendant is understandably reluctant to simply rely on this changed representation, in light of the fact that Plaintiff named those medical providers under oath in her interrogatory response.  Therefore, the Court hereby orders Plaintiff to execute the release authorizations for all four of these medical providers in the form attached as Exhibit A to Defendant's Motion to Compel on or before October 11, 2011.  If in fact some providers never treated Plaintiff and therefore have no responsive records, they will undoubtedly indicate as much to Defendant upon receipt of the signed release form.

Plaintiff also argues that Defendant's request for authorizations for every treatment provider since 1998 is unreasonable and overbroad, and unnecessarily violates Plaintiff's privacy.  However, as Defendant notes, Plaintiff now seeks to assert this objection in response to the motion to compel, but did not do so in a timely manner during discovery, having served her responses to the interrogatories more than a week after the deadline without having obtained an extension of time to do so.  Furthermore, Plaintiff's response stated only, "Plaintiff objects to this Interrogatory request in that the Plaintiff will not execute an authorization for Defendant's use in obtaining medical records." [Doc 41, Ex. C, at 7.]  Plaintiff's response did not specify any ground for the objection or provide any reason for refusing to execute the authorizations.  The Court finds that Plaintiff has waived any objection with respect to the breadth of the interrogatory.  If Plaintiff has had other providers meeting the description in Interrogatory #7, in

---

[1] This individual is referred to as Dr. Shannon Stauffer in the briefs and Dr. Shannon Straffer in the response to interrogatories.  It is not clear to the Court which is the correct spelling.

addition to those providers discussed in this ruling, she should execute authorizations for those providers as well by October 11, 2011.

**CONCLUSION**

For the reasons stated herein, Defendant's Motion to Compel [Doc. 40] is GRANTED, and Plaintiff is required to provide signed authorizations in the form attached as Exhibit A to Defendant's Motion to Compel on or before October 11, 2011. Defendant's motion for reimbursement for the attorney's fees associated with this motion to compel is denied as not justified under the circumstances. In light of Defendant's need to obtain and review these medical records prior to deposing Plaintiff, the discovery deadline is December 2, 2011, and the dispositive motions deadline is January 31, 2012.

SO ORDERED.

Dated: New Haven, Connecticut, September 27, 2011.

                                                          /s/ *Charles S. Haight, Jr.*
                                                          Charles S. Haight, Jr.
                                                          Senior United States District Judge