UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LORRAINE BOUCHARD,

            Plaintiff,

v.                                                3:09-cv-01222 (CSH)

DHL EXPRESS (USA), INC.,

            Defendant.

**RULING ON MOTION TO RECONSIDER**

HAIGHT, Senior District Judge:

In an opinion reported at 716 F.Supp.2d 202 (D. Conn.) ("*Bouchard I*") [Doc. 26], familiarity with which is assumed, the Court denied Defendant's motion to dismiss Plaintiff's two claims of gender and age discrimination based upon the Connecticut Fair Employment Practices Act ("CFEPA") on the ground that those claims were time-barred. Those claims are asserted in Plaintiff's amended complaint, which also includes two federal claims charging violation of Title VII and the ADEA, which Defendant does not seek to dismiss. Defendant now moves for reconsideration of *Bouchard I*, contending that the CFEPA claims are time-barred under controlling authority which the Court's prior opinion overlooked and should consequently be dismissed.

Plaintiff's CFEPA claims are presently stated in an amended complaint she filed on September 9, 2009. The purpose of the amendment was to correct the name of the party defendant, which had been incorrectly identified in the original complaint. In *Bouchard I* the Court held that the amended pleading was timely under the state's statute of limitations because, under Rule 15(c)(1), Fed.R.Civ.P., it related back to the *filing* of the original complaint. Defendant's motion for reconsideration is based upon the proposition that under Connecticut law, an action such as this

is not brought (that is to say, commenced for limitation purposes) until the complaint is *served*. It follows from that proposition, Defendant continues, that if an original complaint is not *served* until after the state statute of limitations has elapsed, the claims it asserts are time-barred and there is nothing for a subsequent amended complaint to relate back to. That is so, even if the original complaint was *filed* within the limitations period. In such circumstances, Defendant concludes, the relation-back provisions of Federal Rule 15(c)(1) have no legitimate office to perform, and Plaintiff's CFEPA claims are time-barred because the original complaint asserting them was time-barred. I agree. Upon reconsideration, the ruling in *Bouchard I* is VACATED and Plaintiff's CFEPA claims are DISMISSED.

In the case at bar, there is no dispute that the CFEPA claims Plaintiff asserted in her original complaint became time-barred by operation of the Connecticut limitations statute, as interpreted by the Connecticut courts. *See Bouuchard I*, 716 F.Supp.2d at 206: "Such claims are considered 'brought' when service is made, and service is made when plaintiff files defendant's executed waiver with the court, which did not occur until October 5, 2009, nearly two months past the expiration of the limitations period." This case is governed by the Second Circuit's opinion in *Converse v. General Motors Corp.*, 893 F.2d 513 (1990), which considered "whether Connecticut state law governs the manner in which a federal diversity case arising under Connecticut law is to be considered commenced for purposes of the state statute of limitations." *Id*. at 513. The plaintiff in *Converse* sued under the Connecticut Product Liability Act. The Second Circuit held that the *Erie* doctrine[1] "applies to the manner in which a diversity action is considered commenced for purposes of state statutes of limitation," with the result that "in the absence of a federal rule directly on point,

---

[1] *Erie R.R.Co. v. Tompkins*, 304 U.S. 64 (1938)

state service requirements which are an integral part of the state statute of limitations should control in an action based on state law which is filed in federal court under diversity jurisdiction." 893 F.2d at 515 (citing and quoting *Walker v. Armco Steel Corp.*, 446 U.S 740, 752-53 (1980)). The Connecticut statute upon which the *Converse* plaintiff based his action provided that claims must be "brought" within three years from the date of injury. While that statute, like the CFEPA in the instant case, did not describe "the manner in which a claim is considered 'brought,'" the Second Circuit observed that "the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations." *Id*. (citations omitted). Applying that rule in *Converse*, the court of appeals affirmed the district court's dismissal of the action as time-barred.

*Converse* compels the same conclusion with respect to Bouchard's CFEPA claims in the original complaint, asserted on the basis of diversity jurisdiction, where service was not made until after the limitations period had run. In *Kotec v. Japanese Educational Institute of New York*, 321 F.Supp.2d 428 (D.Conn. 2004), a case indistinguishable in this respect from that at bar, plaintiff coupled Title VII claims with CFEPA claims, asserting the district court's diversity jurisdiction over the latter. Citing *Converse*, Judge Arterton dismissed the CFEPA claims as time-barred because plaintiff did not effect service before the state statute of limitations ran out. The Court rejected plaintiff's contention that "the close legal connection between his title VII claim and his CFEPA claim marshals in favor of permitting the commencement rule of Fed.R.Civ.P. 3—filing of complaint—to govern," a suggestion Judge Arterton held was not "a principled reason to depart from the settled rule for diversity cases," namely, applying state law defining commencement of actions and limitations periods. The Second Circuit in *Converse*, citing *Ragan v. Merchants*

*Transfer & Warehouse Co.*, 337 U.S. 530, 533 (1949) and *Walker*, explicitly held that state law "requiring service of process to commence an action, not Fed.R.Civ.P. 3, controlled in a diversity action." 893 F.2d at 515. *See also Marchese v. Marchant Ladder, Inc.*, No. 3:11-cv-337 (PCD), 2011 WL 4433680 (D.Conn. Sept. 22, 2011) (where plaintiff in state product liability action did not serve defendant with process prior to expiration of limitations period, action dismissed as time-barred) (citing *Converse*).

Both the court of appeals in *Converse*, 893 F.2d at 516, and the district court in *Kotec*, 321 F.Supp.2d at 431, conclude their analyses by quoting the Supreme Court's reasoning in *Walker*, 446 U.S. at 753:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed though litigation to judgment in a federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

That is the disfavored result achieved by this Court's ruling in *Bouchard I*, which I now conclude cannot stand.

The rationale of *Bouchard I*, to which Plaintiff's opposition to reconsideration continues to cling, was that the timeliness of her action was preserved by the relation-back provisions of Rule 15(c)(1). Specifically, *Bouchard I* held that Plaintiff's amended complaint related back to the *filing* of her original complaint, before the Connecticut limitations period ran out. That order was improvidently made, since it overlooked two salient principles of law.

First: Under Connecticut law Plaintiff's action came into existence – was "brought," to use the statutory parlance – only upon *service* of the complaint, which occurred after the limitations period had expired. Before service, the action has not been brought; it does not exist

in the eyes of the law. That proposition is demonstrated by what I have said *supra*.

Second: An amended complaint can only relate back to an earlier complaint which exists in the eyes of the law, or to put a finer point on it, was timely filed. In *Bradley v. Dolan*, No. 03-cv-1616, 2007 WL 959160 (GBD) (S.D.N.Y. March 30, 2007), at *2, the district court observed that under Rule 15 a complaint "may be amended to plead an untimely cause of action" if certain circumstances are shown, but added "[h]owever, the relation back doctrine is inapplicable where, as here, *the original complaint itself is untimely*. Thus, plaintiff's proposed claim is similarly barred by the statute of limitations." (citing *VVK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001) (emphasis added). In *VVK*, which *Bradley* cites for that proposition, the Second Circuit begins its Rule 15 analysis by saying: "If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a *timely filed* complaint," and continues "[t]here are thus three requirements that must be met before an amended complaint that names a new party can be deemed to relate back to the original *timely* complaint." 244 F.3d at 128 (emphases added). The policy reason for requiring that the original complaint have been timely filed in order to receive a relating-back amendment is apparent: were it otherwise, the salutary purposes of statutes of limitation, those instruments of certainty and repose, would be subverted.

Plaintiff's brief in opposition to reconsideration does not disagree in substance with these principles. Rather, it denigrates Defendant's motion for reconsideration as a disfavored effort to supplement the record by asserting arguments that were always available to it. Reconsideration motions are not legitimate if they are nothing more than a second bite at a fully briefed and considered underlying ruling whose outcome disappointed one of the litigants. In this case,

however, the Court's Rule 15(c) relation-back analysis was in significant measure the product of its own independent research.  To support a motion for reconsideration, counsel are required to point to material facts or governing cases which the Court may have overlooked; but counsel may be given some latitude in those regards when the Court's path to decision is in part one of its own blazing. Judges appropriately conduct *sua sponte* research and deliberation; inert, potted-plant jurisprudence is not to be favored.  But a trial judge must get it right, and a litigant's remedy for an improvident ruling is a motion for reconsideration.

In this case. Defendant's motion for reconsideration is meritorious and is GRANTED. The Court's Ruling [Doc. 26] denying Defendant's motion to dismiss Counts Two and Four of the Amended Complaint is VACATED, and those Counts are DISMISSED with prejudice on the ground that they are barred by the Connecticut statute of limitations.

It is SO ORDERED.

Dated: New Haven, Connecticut

January 6, 2012

                                             */s/ Charles S. Haight, Jr.*

                                             Charles S. Haight, Jr.
                                             Senior United States District Judge